## MEYER v. UNITED STATES.

### (Circuit Court, S. D. New York. December 16, 1898.)

### No. 1,516.

CUSTOMS DUTIES—CLASSIFICATION—COTTON ARTICLES ORNAMENTED BY "DRAWN WORK."

Cotton bureau covers, and other like articles, ornamented by fancy work. or effects produced in part by drawing out threads of the fabric, and in part by binding the remaining threads into groups, so as to form open spaces,—such work being known as "drawn work,"—are not embroidered, and are dutiable under paragraph 355 of the tariff law of 1890, as manufactures of cotton not enumerated, and not under paragraph 373, as manufactures of cotton embroidered.

This is an appeal by F. Meyer from the decision of the board of general appraisers affirming the classification for duty of certain imported articles of merchandise.

Albert Comstock, for importer.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The evidence and sample in this case show that the cotton bureau covers, and like articles, which are its subject, were ornamented with fancy work or effects produced in part by drawing out threads of the fabric, and in part by binding the remaining ones into groups by the use of needle and thread, so as to form open spaces between them. Fancy work of this character is known as "drawn work." The articles were classified for duty as "manufactures of cotton, embroidered," under paragraph 373 of the act of 1890,—apparently on the theory that the use of the needle and thread in producing this open work was embroidery. But not all sewing or stitching with needle and thread is embroidery, nor tambouring (which would equally render them dutiable as assessed), the proof in the case showing that drawn work is different

from either.	The contention of the importer that this importation was a manufacture of cotton not enumerated is therefore sustained by the evidence.	Decision of the board of appraisers reversed.